**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone:  (503) 778-2100
Facsimile:  (503) 778-2200

Attorneys for Plaintiff Little Dipper Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LITTLE DIPPER CORPORATION**, an Oregon corporation,<br><br>                                    Plaintiff,<br><br>            v.<br><br>**STRIKE SATURDAY, INC.**, a Louisiana corporation, and **DONALD R. HARROLD**, an individual,<br><br>                                    Defendants. | CV No.  **'051670**  HA<br><br>COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT<br><br>(Demand for Jury Trial) |

Plaintiff Little Dipper Corporation ("Little Dipper") states the following for its complaint against defendants Strike Saturday, Inc. ("Strike Saturday") and Donald R. Harrold ("Harrold"):

### JURISDICTION AND VENUE

1.        This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

PAGE 1 -    COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT
              OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT

707876.0001/541115.1

2.      This Court has personal jurisdiction over defendants because, among other things, upon information and belief, defendants have distributed or sold products that are the subject of this litigation within this state, have engaged in acts or omissions within this state causing injury, have engaged in acts or omissions outside of this state causing injury within this state, have manufactured or distributed products used or consumed within this state in the ordinary course of trade, or have otherwise made or established contacts within this state sufficient to permit the exercise of personal jurisdiction.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Little Dipper's claims occurred within this district.

## PARTIES

4.      Little Dipper is a corporation organized and existing under the laws of the state of Oregon, with its principal place of business in Portland, Oregon.

5.      Little Dipper is informed and believes that Strike Saturday is a corporation organized and existing under the laws of the state of Louisiana, with its principal place of business in Shreveport, Louisiana.

6.      Little Dipper is informed and believes that Harrold is an individual residing in Shreveport, Louisiana.

## FACTUAL BACKGROUND

7.      Little Dipper is an Internet sales and service company that specializes in the business of engineering and selling computer software products and services.  It has done business continuously since September 8, 1997.  Among the products and services sold by Little Dipper is a service sold under the name MASS DUPLICATOR™.  MASS DUPLICATOR™ is a web-based service that automatically rewrites subscribers' existing documents or web sites into multiple variants through syntactical analysis and synonym replacement.

PAGE 2 -   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT
OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT

8.    Strike Saturday, upon information and belief, is a company that specializes in content creation for Microsoft Windows systems.  Strike Saturday's products include, upon information and belief, software sold under the name Article Bot.

9.    Harrold, upon information and belief, is the president and director of Strike Saturday.

10.    By e-mail dated Monday, October 17, 2005, defendant Harrold, as president and director of Strike Saturday, sent an e-mail to Little Dipper, a copy of which is attached as Exhibit 1.  In that e-mail, Harrold identified himself as the co-creator of the Article Bot software. Harrold threatened suit on his own behalf against Little Dipper related to Little Dipper's MASS DUPLICATOR™ software.

11.    By e-mail dated Saturday, October 22, 2005, Strike Saturday sent an e-mail to Little Dipper, a copy of which is attached as Exhibit 2.  That e-mail included correspondence addressed to Little Dipper from Strike Saturday's attorney.  The attorney's correspondence alleged that MASS DUPLICATOR™ is an unauthorized copy or derivative work of "copyrighted [Article Bot] software[.]"  Further, the correspondence alleged that Strike Saturday has a patent pending on the Article Bot software.  The letter further warned that "practicing any methods covered by the patent application may result in you and/or your customers being required to pay damages to Strike Saturday[.]"  Finally, the correspondence stated that "if you continue to promote your software and it turns out to be an unauthorized copy of derivative work of the copyrighted software sold under the trademark Article Bot, we will file a lawsuit against you in federal court seeking remedies for copyright infringement, for trademark infringement, for unfair competition under the Lanham Act (and, depending upon when your software was launched, for patent infringement as well)."

12.    On information and belief, defendants have no registered copyright regarding the Article Bot software.  Moreover, on information and belief, defendants' publicly available version of its Article Bot software is compiled code for execution on Microsoft Windows

PAGE 3 -    COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT
OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT

systems—such code is an executable binary and does not display or make available its underlying human-written source code. Defendants' software is written using a .net framework and thus is in a compiled object oriented language such as C++ or C#.

13.    Little Dipper has copied no protectable elements of the Article Bot software. Further, the Little Dipper software is not written using a .net framework, but rather is written in a Unix based scripting language, Perl.

14.    The MASS DUPLICATOR™ service was created by a single person who did not access the Article Bot software or any other software created or owned by defendants prior to the creation of the MASS DUPLICATOR™ service.

15.    Little Dipper has not used the term "Article Bot" or any confusingly similar variation thereof as a trademark in conjunction with the sale of its MASS DUPLICATOR™ or any other product.

16.    On information and belief, no patent has issued regarding the Article Bot software. Defendants have produced no evidence that they actually have a patent pending associated with the Article Bot software. Neither have defendants notified Little Dipper of the extent of its claims under any pending patent or how any of Little Dipper's products might allegedly infringe the claims of any pending patent.

## **FIRST CLAIM FOR RELIEF**

### **(Declaration of Non-infringement of Trademark—28 U.S.C. § 2201)**
### **(Against All Defendants)**

17.    Little Dipper incorporates herein by reference each and every allegation contained in paragraphs 1 through 17 above, as though set forth herein.

18.    Little Dipper has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by defendants, including any alleged trademark rights that it owns Article Bot.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX: (503) 778-2200

19.     Accordingly, Little Dipper requires the judicial determination of rights and duties of the parties under the laws of the United States (including but not limited to 15 U.S.C. §§ 1114 and 1125(a)) and the common law, and a declaratory judgment that Little Dipper's use of its marks does not infringe, directly or contributorily, any valid or protectable mark held by Defendant.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-infringement of Copyright—U.S.C. § 101 *et seq.*)
### (Against All Defendants)

20.     Little Dipper incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 above, as though set forth herein.

21.     Based on the facts set forth above, an actual controversy has arisen between the parties regarding whether Little Dipper's products infringe the copyrights alleged to be owned by defendants.

22.     Defendants have alleged that Little Dipper's conduct continues to cause defendants damage.

23.     Little Dipper has no other prompt and expeditious remedy to protect its business and to allow it to proceed without a cloud over the status of its ownership, use, and the ability to license and/or sell its products accused to infringe.

24.     Under the circumstances, a judicial determination is necessary and appropriate to determine Little Dipper's rights.

WHEREFORE, Little Dipper demands judgment:

1.     That the Court issue a declaration that Little Dipper's use of its trademarks does not infringe, directly or contributorily, any valid or protectable mark held by defendants under the laws of the United States, the laws of the state of Oregon, or the common law;

PAGE 5 -   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT
OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT

2.      That the Court issue a declaration that Little Dipper's use of its copyright does not infringe, directly or contributorily, any valid or protectable mark held by defendants under the laws of the United States, the laws of the state of Oregon, or the common law;

3.      That Little Dipper is not, through the sale of the MASS DUPLICATOR™ software, or otherwise, violating any rights of defendants.

4.      That the Court award Little Dipper its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

5.      That Little Dipper be awarded its costs of suit; and

6.      That Little Dipper have such other and further relief as the court deems just and proper.

DATED:  November 3, 2005

LANE POWELL PC

By _____

Kenneth R. Davis, II, OSB No. 97113
(503) 778-2100
Attorneys for Plaintiff Little Dipper Corporation

PAGE 6 -   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT
OF TRADEMARK AND NON-INFRINGEMENT OF COPYRIGHT

**Enyeart, Darcy**

| | |
|---|---|
| **From:** | The Bot [don@articlebot.com] |
| **Sent:** | Monday, October 17, 2005 5:30 PM |
| **To:** | peter@instantoptimizer.com |
| **Subject:** | Please Cease and Desist |

Monday, October 17, 2005

Mr. Bray,

Your product "Mass Duplicator" clearly presents
patent and "confusing similarity" issues with our product,
Article Bot.  Your description, stated purpose,
methods and more, are all derivative of our product,
Article Bot.

My hope is that you will cease and desist your intent
to bring your product to market.

You should expect that we will use all the means at
our disposal tosee that your product does not infringe
upon Article Bot's patented or patent-pending processes, and established US and international business.

Please reply with your intentions within 24 hours.  If
I do not hear back, our attorneys will be in touch with
you soon after.

Sincerely,
Don Harrold
Co-Creator, Article Bot

EXHIBIT____|____
PAGE _____|____

**From:** The Bot [mailto:don@articlebot.com]
**Sent:** Saturday, October 22, 2005 9:40 PM
**To:** Peter Bray
**Subject:** Re: Please Cease and Desist

Mr. Bray,

The correspondence below I forward to you from our attorney.  Future correspondence will come directly from our attorney. I suggest that if you wish to continue down the path you've chosen that you retain an attorney.

Sincerely,
Don Harrold
don@articlebot.com

Patents, trademarks, copyrights, trade secrets, and other intellectual property

GARVEY, SMITH, NEHRBASS & DOODY, L.L.C.ATTORNEYS AT LAW

Three Lakeway Center, Suite 3290
3838 North Causeway Boulevard
Metairie, Louisiana 70002, U.S.A.
Tel: (504) 835-2000; Fax: (504) 835-2070

WWW.NEWORLEANSPATENTS.COM

Seth M. Nehrbass, Patent Attorney
Telephone Extension 345
Mobile Phone - 504-813-8815
e-mail - Nehrbass@gsnd.us, Nehrbass@aol.com

October 19, 2005
Via E-Mail

RE: MassDuplicator.Com

Dear Mr. Bray:

We represent Strike Saturday, Inc. in intellectual property matters.

Since at least as early as July 2004, Strike Saturday, Inc. and related companies have used ARTICLE BOT(tm) in commerce for software. Years of effort went into developing the copyrighted software sold under the trademark ARTICLE BOT(tm). This software is also patent pending.

We have reviewed your website advertising your software which it appears that you market under the name MASSDUPLICATOR. It appears that your software is an unauthorized copy or derivative work of the copyrighted software sold under the trademark ARTICLE BOT(tm).

EXHIBIT  2
Page  1

1

To discourage copyright infringment, Congress has provided generous compensation to authors and artists whose works are infringed; to further discourage copyright infringment, Congress has declared willful copyright infringment to be a crime.

Please be aware that selling, offering for sale, importing, making, or using any software covered by the patent application for the copyrighted software sold under the trademark ARTICLE BOT(tm), but not purchased or licensed from Strike Saturday, Inc., may result in you and/or your customers being required to pay damages to Strike Saturday, Inc. Likewise, practicing any methods covered by the patent application may result in you and/or your customers being required to pay damages to Strike Saturday, Inc.

If you continue to promote your software and it turns out to be an unauthorized copy or derivative work of the copyrighted software sold under the trademark ARTICLE BOT(tm), we will file a lawsuit against you in federal court seeking remedies for copyright infringement, for trademark infringement, for unfair competition under the Lanham Act (and, depending upon when your software was launched, for patent infringement as well).

We suggest that you consult with competent intellectual property counsel before you continue with your software to minimize the chance that it will be necessary for us to file a lawsuit against you.

Please provide me with the citizenship, residence, and mailing address of each of you and the name, citizenship, residence, and mailing address of the agent for service of process for MassDuplicator and each entity involved in the launch of your software.

I look forward to hearing from you.

Very truly yours,
Seth M. Nehrbass


----- Original Message -----
**From:** Peter Bray
**To:** 'The Bot'
**Sent:** Wednesday, October 19, 2005 1:19 PM
**Subject:** RE: Please Cease and Desist


What's your patent number?

_____

**From:** The Bot [mailto:don@articlebot.com]
**Sent:** Tuesday, October 18, 2005 9:28 PM
**To:** Peter Bray
**Subject:** Re: Please Cease and Desist

Mr. Bray,

Your block of my IP address is more evidence of your
unwillingness to work with us on the issue at hand.  However,
it will not stop our attorneys from pursuing this matter with

EXHIBIT  2
Page  2

2

all due diligence.

Sincerely,
Don Harrold
don@articlebot.com

----- Original Message -----
**From:** <u>Peter Bray</u>
**To:** <u>'The Bot'</u>
**Sent:** Monday, October 17, 2005 10:26 PM
**Subject:** RE: Please Cease and Desist

It is not "my request".

**From:** The Bot [mailto:don@articlebot.com]
**Sent:** Monday, October 17, 2005 7:27 PM
**To:** Peter Bray
**Subject:** Re: Please Cease and Desist

Mr. Bray,

At your request, our attorneys will be in touch with you shortly.

Sincerely,
Don Harrold
don@articlebot.com

----- Original Message -----
**From:** <u>Peter Bray</u>
**To:** <u>'The Bot'</u>
**Sent:** Monday, October 17, 2005 7:35 PM
**Subject:** RE: Please Cease and Desist

I have never seen your product.  We are in violation of nothing.  What is your patent number?
Have your attorneys contact me if you wish to pursue this further.

**From:** The Bot [mailto:don@articlebot.com]
**Sent:** Monday, October 17, 2005 5:30 PM
**To:** <u>peter@instantoptimizer.com</u>
**Subject:** Please Cease and Desist

Monday, October 17, 2005

Mr. Bray,

EXHIBIT  2
Page  3

Your product "Mass Duplicator" clearly presents patent and "confusing similarity" issues with our product, Article Bot.  Your description, stated purpose, methods and more, are all derivative of our product, Article Bot.

My hope is that you will cease and desist your intent to bring your product to market.

You should expect that we will use all the means at our disposal to see that your product does not infringe upon Article Bot's patented or patent-pending processes, and established US and international business. Please reply with your intentions within 24 hours.  If I do not hear back, our attorneys will be in touch with you soon after.

Sincerely,

Don Harrold
Co-Creator, Article Bot

EXHIBIT _2_
Page _4_